981 So.2d 1189 (2008)
In re AMENDMENTS TO THE FLORIDA FAMILY LAW RULES OF PROCEDURE.
No. SC07-1160.
Supreme Court of Florida.
April 24, 2008.
Raymond T. McNeal, Chair, Family Law Rules Committee, Ocala, Florida; John F. Harkness, Jr., Executive Director, and Ellen H. Sloyer, Bar Liaison, The Florida Bar, Tallahassee, FL, for Petitioner.
Allyson Hughes, New Port Richey, Florida, and Ronald L. Bornstein of Kramer, Ali, Fleck, Hughes, Gelb and Bornstein, Jupiter, FL, Responding with comments.
PER CURIAM.
By previous opinion in this case, the Court adopted new Florida Supreme Court Approved Family Law Form 12.905(d) (Supplemental Petition for Temporary Modification/Amendment of Custody for Child(ren) of Custodial Parent Activated, Deployed, or Temporarily Assigned to Military Service), and amended rule 12.070 (Process), with an accompanying new form 12.913(c) (Affidavit of Diligent Search).[1] The new forms and rule amendment were adopted on an expedited basis as a result of a "fast-track" report from the Florida Family Law Rules Committee (Committee), filed in response to legislation passed in the 2007 legislative session. Because the Committee's proposals were adopted on an expedited basis and without prior publication for comment, the Court allowed interested persons sixty days from the date of the opinion to file comments with the Court.
The Family Law Section of The Florida Bar filed a comment objecting to new form 12.905(d), as adopted. New form 12.905(d) was proposed by the Committee in response to Chapter 2007-132, section 1, Laws of Florida. That legislation created new section 61.13002, Florida Statutes (2007), prohibiting a court from modifying child custody during the time a parent is activated, deployed, or temporarily assigned to military service, except to issue a temporary modification order if it is in the best interests of the child. § 61.13002(1), Fla. Stat. (2007). If a temporary order is issued, the statute requires that the court reinstate the previous custody judgment upon the parent's return from active service, deployment, or temporary assignment. § 61.13002(2), Fla. Stat. (2007).
In response to the Family Law Section's objection, the Committee requested that new form 12.905(d) be withdrawn and that, instead, form 12.905(a) (Supplemental Petition to Modify Custody or Visitation and other Relief) be amended to alert the trial court that section 61.13002(1) may limit the trial court's authority to enter a final judgment modifying child custody during the time a parent is activated, deployed, or temporarily assigned to military service. We defer to the Committee's expertise on this issue.
Accordingly, Florida Supreme Court Approved Family Law Form 12.905(d) (Supplemental Petition for Temporary Modification/Amendment of Custody for Child(ren) of Custodial Parent Activated, Deployed, or Temporarily Assigned to Military Service) is hereby deleted, and Florida Supreme Court Approved Family Law Form 12.905(a) (Supplemental Petition to Modify Custody or Visitation and other Relief) is amended as proposed by the Committee and as set forth in the appendix *1190 to this opinion, fully engrossed.[2] The amendments shall become effective immediately upon the release of this opinion.[3]
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(a), SUPPLEMENTAL PETITION TO MODIFY CUSTODY OR VISITATION AND OTHER RELIEF (04/08)

When should this form be used?
This form should be used when you are asking the court to change current court-ordered custody or visitation arrangements. The court can change an order granting shared parental responsibility, including a primary residential responsibility /custody order if the judge finds that there has been a substantial change in the circumstances of the parties and the change is in the child(ren)'s best interests.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file this form in the county where the original order was entered. If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:

*1191 DEFAULT . . . If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED . . . If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED . . . If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes . . .
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1).
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.

*1192  Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Child Custody . . . If you and the respondent are unable to agree about with whom the child(ren) will live most of the time, a judge will decide for you. The judge will decide the parenting arrangements based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
Some circuits may require the completion of a parenting course before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
Listed below are some terms with which you should become familiar before completing your supplemental petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
Shared Parental Responsibility
 Sole Parental Responsibility
 Rotating Custody
 Primary Residential Responsibility
 Secondary Residential Responsibility
 Reasonable visitation
 Specified visitation
 Supervised visitation
 No contact
Child Support . . . The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. If you are requesting custody or primary residential responsibility for one or more children, you should request child support in your supplemental petition. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of *1193 other people in seemingly similar situations.
Temporary Relief . . . If you need temporary relief regarding parental responsibility and visitation with child(ren), or temporary child support, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Settlement Agreement . . . If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form . . . These family law forms contain a Supplemental Final Judgment Modifying Parental Responsibility/Visitation, Florida Supreme Court Approved Family Law Form 12.993(a), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer . . . Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
IN THE CIRCUIT COURT OF THE ____________________ JUDICIAL CIRCUIT,
 IN AND FOR __________________________COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
____________________________________,
Petitioner,
and
____________________________________,
Respondent.
 SUPPLEMENTAL PETITION TO MODIFY CUSTODY
 OR VISITATION AND OTHER RELIEF
*1194
 I, {full legal name} ____________________________________________, being sworn, certify
that the following information is true:
1. The parties to this action were granted a final judgment of ( ) dissolution of
marriage ( ) paternity on {date} __________________. A copy of the final
judgment and any modification(s) is attached.
2. Paragraph(s)__________of the ( ) final judgment or ( ) most recent modification
thereof describes the present custody and/or visitation ordered.
3. Since the final judgment or last modification thereof, there has been a substantial
change in circumstances, requiring a modification in custody or visitation.
Those substantial changes are as follows: {explain}_______________
 ___________________________________________________________
 ___________________________________________________________
 ___________________________________________________________
 ___________________________________________________________
 ___________________________________________________________
 ___________________________________________________________
 ___________________________________________________________
 ___________________________________________________________
 ___________________________________________________________
4. I ask the Court to modify the ( ) custody ( ) visitation as follows:
{explain} _____________________________________________
 _____________________________________________________________
 ______________________________________________________________
 ______________________________________________________________
 ______________________________________________________________
5. This modification is in the best interests of the child(ren) because:
{explain} ___________________________________________________________
__________________________________________________________
___________________________________________________________
___________________________________________________________
___________________________________________________________
6. Respondent [ &check; one only] ( ) is ( ) is not currently activated, deployed, or
temporarily assigned to military service.
7. If the requested modification is granted, Petitioner requests that child support
be modified, consistent with the modification of custody or visitation. A Child
Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form
12.902(e), is, or will be filed.
8. A completed Family Law Financial Affidavit, Florida Family Law Rules of
Procedure Form 12.902(b) or (c), is, or will be, filed.
9. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)
Affidavit, Florida Supreme Court Approved Family Law Form
12.902(d), is filed with this petition.
10. If not previously filed in this case, a completed Notice of Social Security
Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed
with this petition.
11. Other: ______________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
*1195 I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated:___________________ _____________________________________________
 Signature of Petitioner
 Printed Name:
 Address: ____________________________________
 City, State, Zip:____________________________
 Telephone Number:____________________________
 Fax Number: _________________________________
STATE OF FLORIDA
COUNTY OF __________________________
Sworn to or affirmed and signed before me on_______________ by________________
 _______________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ________________________________________
 [Print, type, or stamp commissioned name of notary or
 deputy clerk.]
____ Personally known
____ Produced identification
 Type of identification produced _____________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer}______________,
a nonlawyer, located at {street} ________________________, {city} ____________________,
{state}___________, {phone} ____________, helped {name} _________________,
who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.913(c), AFFIDAVIT OF DILIGENT SEARCH(04/08)

When should this form be used?
This form is to be used with Notice of Action, Florida Supreme Court Approved Family Law Form 12.913(a), to obtain constructive service (also called service by publication) on the legal father in any action or proceeding to determine paternity which may result in termination of the legal father's parental rights.
You must disclose the last known address of the legal father. A last known address cannot be unknown. This form includes a checklist of places you must look for information on the location of the legal father. You have to look in all of these places, and the court must believe that you have made a very serious effort to get information about the person's location and that you have followed up on any information you received.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the *1196 original and a Notice of Action Florida Supreme Court Approved Family Law Form 12.913(a), with the clerk of the circuit court in the county where your petition for dissolution of marriage is filed. You should keep a copy for your records.

Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. For further information, see rule 12.070, Florida Family Law Rules of Procedure, rule 1.070(e) and (f), Florida Rules of Civil Procedure, and section 409.257, Florida Statutes.

Special notes . . .
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
IN THE CIRCUIT COURT OF THE _____________________ JUDICIAL CIRCUIT,
 IN AND FOR __________________________COUNTY, FLORIDA
 Case No.: _______________________
 Division: _______________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 AFFIDAVIT OF DILIGENT SEARCH
I, {full legal name}________________________, being sworn, certify that the following
information is true:
1. The last known address of the child(ren)'s legal father {name}_______________,
 as of {date}__________________________, was:
 Address ________________________ City____________ State__________ Zip ______
 Telephone No. ____________________ Fax No._______________________
 His last known employment, as of {date} __________, was:
 Name of Employer __________________________________________________________
 Address ______________________ City ___________ State __________ Zip ______
 Telephone No. ________________ Fax No. ________________________
2. The legal father is over the age of 18.
3. The legal father's current residence is not known and cannot be determined,
 although I have made a diligent search and inquiry to locate him through the
 following:
*1197
You must search ALL of the following sources of information and state the
results.
 ____ United States Post Office inquiry through the Freedom of Information
 Act for the person's current address or any previous address. Result of
 search:_______________________________________________________________
 ____ Last known employment of the other parent, including name and address
 of employer. Result of search:________________________________________
 ____ Regulatory agencies, including professional or occupational licensing, in
 the area where the other parent last resided.
 Result of search:____________________________________________________
 ____ Names and addresses of relatives to the extent such can be reasonably
 obtained from the petitioner or other sources, contacts with those relatives
 and inquiry as to the other parent's last known address. You are to
 follow up any leads of any addresses where the other parent may have
 moved. Result of search: ____________________________________________
 ____ Information about the other parent's possible death and, if dead, the date
 and location. Result of search:_______________________________________
 ____ Telephone listings in the area where the other parent last resided.
 Result of search: ____________________________________________________
 ____ Law enforcement agencies in the area where the other parent last
 resided. Result of search: ___________________________________________
 ____ Highway Patrol records in the state where the other parent last resided.
 Result of search: __________________________________________________
 ____ Department of Corrections records in the state where the other parent
 last resided. Result of search: ______________________________________
 ____ Hospitals in the last known area of the other parent's residence. Result
 of search: __________________________________________________________
 ____ Records of utility companies, which include water, sewer, cable TV, and
 electric in the last known area of the other parent's residence. Result of
 search:. ____________________________________________________________
 ____ Records of the Armed Forces of the U.S. and their response as to
 whether or not there is any information about the other parent. (See
 Florida Supreme Court Approved Family Law Form 12.912(a), Memorandum
 for Certificate of Military Service.)
 Result of search: ____________________________________________________
 ____ Records of the tax assessor's and tax collector's office in the area where
 the other parent last resided. Result of search:_______________________
 ____ Search of one Internet databank locator service.
 Result of search: _____________________________________________________
 ____ Title IV-D (child support enforcement) agency records in the state of the
 other parent's last known address. Result of search: __________________
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated:_____________________________ ___________________________________________
Signature of Petitioner
 Printed Name: _____________________________
 Address: __________________________________
 City, State, Zip: _________________________
 Telephone Number: _________________________
 Fax Number: _______________________________
STATE OF FLORIDA
COUNTY OF ______________________
Sworn to or affirmed and signed before me on ___________ by _________________________
*1198
 _____________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ______________________________________
 [Print, type, or stamp commissioned name of notary or
 deputy clerk.]
____ Personally known
____ Produced identification
 Type of identification produced ___________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} ___________________
a nonlawyer, located at {street} ___________________, {city}
___________, {state} ___________, {phone} ____________, helped {name} _________,
who is the petitioner, fill out this form.
NOTES
[1] We have jurisdiction. See art. V, § 2(a), Fla. Const.
[2] No substantive comments in response to publication were received with regard to amended rule 12.070 (Process) or new form 12.913(c) (Affidavit of Diligent Search). No changes are made to amended rule 12.070, and it is not affected by this opinion. Minor editorial amendments are made to form 12.913(c) as set forth in the appendix to this opinion, fully engrossed.
[3] The amended forms may be accessed and downloaded from the Florida State Courts website at www.flcourts.org.